**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL J. MARKS, | No. 10-55514 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-05143-SJO-AGR |
| v. | |
| MARTIN BITER, Acting Warden, Warden and MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 3, 2013**
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Petitioner Michael J. Marks appeals from the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. A jury in California Superior

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Court found Marks guilty of two counts of willful, deliberate, and premeditated attempted murder with malice aforethought (California Penal Code §§ 187(a), 664) and one count of kidnapping (California Penal Code § 208(b)). The jury also found true the special allegation that Marks personally inflicted great bodily injury on one of the victims (California Penal Code § 12022.7(d)).

Marks argued on direct appeal and again in his federal habeas petition that the state trial court prejudicially erred when it failed to sua sponte instruct the jury regarding the defense of unconsciousness (CALJIC 4.30). The district court denied Marks's petition, agreeing with the California Court of Appeal that the omission of the instructions did not prejudice Marks. We have jurisdiction under 28 U.S.C. § 2253 and now affirm.

To obtain habeas relief premised on the omission of a jury instruction, Marks must show "that the alleged instructional error had substantial and injurious effect or influence in determining the jury's verdict." *Byrd v. Lewis*, 566 F.3d 855, 860 (9th Cir. 2009) (quoting *Clark v. Brown*, 450 F.3d 898, 905 (9th Cir. 2006)); *see Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Marks cannot make this showing because the jury necessarily rejected the possibility that Marks was "not conscious of acting" when it found that his attempted murder was willful, deliberate, and premeditated. In doing so, the jury necessarily found that Marks had a "deliberate intent to kill, which was the result of deliberation and

premeditation," and that this deliberate intent was "formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation." CALJIC 8.67; Cal. Penal Code § 664. These findings are mutually exclusive of unconsciousness.

**AFFIRMED.**